IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **HEATHER M. CLOSSER**<br><br>  **Plaintiff**<br><br>vs.<br><br>**AMENDED COMPLAINT**<br>**HKT TELESERVICES INC.,**<br>aka HKT Teleservices<br>**P.C.C.W. TELESERVICES INC.,**<br>aka   P.C.C.W. Teleservices<br><br>  **Defendants** | **4:21CV3040**<br><br>**Amended Complaint**<br><br><br>**[ Jury Trial Demanded]** |

Plaintiff, Heather M. Closser, alleges the following:

### I.   NATURE OF THE ACTION

1.   This is an action for relief from employment discrimination in violation of Title VII of the Civil Rights Act of 1964, ("Title VII"), and for retaliation for reporting an act that was illegal under Title VII and for violation of corresponding laws of the State of Nebraska.   42 U.S.C. 2000e-3(a) and Neb. Rev. Stat.48-1101 et seq.

2.   Plaintiff Heather M. Closser alleges that Defendant (a) unlawfully discriminated against her for being female, and (b) for retaliation for reporting and opposing what Plaintiff reasonably believed to be illegal, unlawful, and oppressive employment practices by the Defendants.

3.  Plaintiff further alleges and claims that Defendants denied Plaintiff equal compensation based on sex.

4.  Plaintiff seeks compensatory damages, punitive damages, pain and suffering, reasonable attorney's fees and costs as remedies for Defendants' violations of their rights.

5.  Plaintiff also alleges that the Defendants violated The Equal Pay Act of 1963, the Nebraska Law Against Discrimination, and the Nebraska Equal Pay Act.

## II. THE PARTIES

6.  Plaintiff Heather M. Closser is a female and a resident of Lincoln, Nebraska at all times involved in this matter. Heather M. Closser worked for Defendants, from 2013 to 2019.

7.  Defendants are, individually and collectively, a global telecommunications company employing approximately 10,001+ individuals. Defendant HKT Teleservices, Inc. (hereinafter "HKT") and P.C.C.W Teleservices, Inc. (hereinafter "PCCW") operates out of Grove City, Ohio. At all times Plaintiff was employed by Defendants in Lincoln, Nebraska.

8.  At all times relevant herein, Defendants had at least fifteen employees, and was an "employer" within the meaning of Title VII.

9.  Defendants were also an "employer" within the meaning of the Nebraska Law Against Discrimination, the Equal Pay Act, and the Nebraska Equal Pay Act.

10. Defendants are liable for the acts of their agents and their employees as set forth below.

## III.   JURISDICTION AND VENUE

11. The Court has jurisdiction of Plaintiff's federal claims pursuant to 42 U.S.C. 2000e-3(a), as this case involves questions of federal law.

## IV.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

12. Plaintiff timely filed charges of discrimination with the Lincoln Commission On Human Rights On November 21, 2019.   The EEOC issued a right-to-sue notice to Plaintiff on November 25, 2020.

13. Plaintiff had timely filed this action and has complied with all administrative prerequisites to bring this lawsuit.

## V. FACTUAL ALLEGATIONS

14. Plaintiff was employed by the Defendants on December 30, 2013 in Lincoln, Nebraska office. Plaintiff started work as a customer service representative in 2013. Plaintiff successfully worked her way up in job responsibilities and title to Senior Team Leader when she was illegally terminated in December 2019. During all of this time of employment Plaintiff was a stellar employee and always received very high reviews and comments in employee reviews. At the time of employment and all during employment, management of the Defendants assured Plaintiff that she could work her way to the top of the Defendants business.

15. Plaintiff received monthly performance goals from the Defendants, and she always successfully met and exceeded her individual performance goals and was always praised for this by the management of the Defendants.

16. As a result of her stellar work, Plaintiff was promoted to a supervisor assistant position in the early months of 2015 and was again given recognition for her stellar work.

17. This successful and stellar work for the Defendants resulted in the Plaintiff being promoted to full supervisor position in late 2015.

18. From 2015 forward, Plaintiff continued her excellent job performance for the Defendants which resulted in a series of advancements at her work for the Defendants including roles in Quality Assurance, Employee coaching, Policy Compliance reviews, I.T. review and support, Human resources system management, and personnel matters, through 2017.

19. In 2017, Plaintiff was asked to begin training toward full operations manager position which was a significant increase in responsibility and compensation with the goal of the Plaintiff managing the entire day to day operations of the Lincoln, Nebraska office. In 2017 and 2018 the Plaintiff seriously pursued this opportunity and continued with her stellar employment reviews from the Defendant, fully expecting to become the Lincoln, Nebraska operations manager in early 2019. Defendants' management in Lincoln and at corporate office in Ohio communicated to Plaintiff that she would surely become Operations Manager in Lincoln, Nebraska and should expect that promotion in 2019.

20. In December 2018, Plaintiff witnessed another supervisor engage in unlawful grabbing and touching of a female employee at work in the Defendants' office during normal work office. Plaintiff reported this to incident to Doug Garrison, who was at the time the Location Manager.

3

Plaintiff also reported to Doug Garrison that she had investigated this sexual misconduct and harassment and that it was not an isolated incident for male supervisors to harass female agents.

When Plaintiff reported this conduct, she was told by Defendants' Location Manager, Doug Garrison, that she "was sticking up for women too much and she should stop it." Doug Garrison also exhibited anger and frustration toward the Plaintiff which he had never exhibited toward Plaintiff in all of her years of employment by Defendants and "because you are a female and you turned it in, I am going to suspend him for three days, but you are going to have to do his job and continue with your job, too; you [referring to Plaintiff] have created a mess and a huge headache for me. You're not going like what you have done."

21. Immediately after the facts set forth above the reaction of Doug Garrison and other senior leaders of the Defendants became continually harsh, negative, and harassing; including, but not limited to, the Plaintiff being jeered at, being kept out of meetings that were necessary for her to learn management skills and obtain the full Location Manager position, an immediate change in work of lesser responsibility, all making it nearly impossible for her to become a Location Manager as she had been told for years that she could and would obtain with continued work performance.

From 2018 until she was terminated from the Defendants, Plaintiff continued with her good work habits and devotion to the Defendant company. And even though it was becoming increasingly clear that the Plaintiff could not become the Lead Operations manager, she kept working and could not quit because she has a family, needs the income to help support her family, and also felt an obligation to other workers at the Lincoln, Nebraska location to be able to do work without harassment.

In June 2019, Plaintiff went ahead and applied for Operations Manager position, Plaintiff had already worked her way to be the top and most senior candidate for this position but was denied this position because she was a female and in retaliation for her reporting of harassment as set forth above. There simply were no other reasons not to promote Plaintiff to this position. The Defendants gave the job to a lesser qualified and less senior man. Without the retaliation and sex discrimination by the Defendants, Plaintiff would have become the Lead Operations manager in Lincoln, Nebraska with the increase in her professional career, pay amount, and other natural benefits of success in a work environment.

22. In July 2019 reported the sexual discrimination which she had just experienced, by being passed over for the Lead Operations manager position because she was a female and because of the continuing and hostile actions of Doug Garrison and other senior managers for her reporting sexual harassment. Here complaints and reports were ignored.

In spite of this increasingly difficult position and work environment, Plaintiff continued with her successful and stellar work for the Defendants.

23. In August 2019, Plaintiff applied for a Human Resources position, but was again passed over and the job given to a less experienced man. This was continued retaliation and sex discrimination. There were no other reasons to deny the Plaintiff this promotion; she was qualified, top of the promotion list, and was simply passed over because she was a female and as part of the continuing and continuous retaliation set forth above.

In September 2019 Defendants' Location Manager told Plaintiff that she needed to be like a "star male employee and do what I ask and don't complain about anything."

24. In October 2019, Plaintiff was demoted to a lesser position than she had already achieved, with lesser pay, but was till asked and instructed to do the duties of the Senior Team Leader that she had already achieved and for which she was well qualified. She was demoted because she is a female and for continued retaliation.

25. On November 21, 2019, Plaintiff filed a complaint with the Lincoln ( Nebraska ) Commission on Human Rights for discrimination and retaliation.

26. On December 10, 2019, Plaintiff was, without notice, a hearing, or even a reasonable conversation, terminated form her job with the Defendants; all as part of the continuous retaliation and harassment and sex discrimination by the Defendants.

27. As a result of this unfair retaliation and harassment, Plaintiff has suffered the loss of income, future growth in her management field, and sever distress and anxiety. But for the sexual discrimination and retaliation for reporting what Plaintiff believed were illegal and harassing acts by Defendants' management, Plaintiff has suffered a year-long series of exclusion to necessary steps for promotion, experienced a hostile work place, received less compensation than she had successfully and rightly attained, received less pay than male counterparts and even those with less qualifications and experience, and was ultimately terminated from her position at Defendants.

## VI.   CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

Sex-Based Discrimination in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-2(a)

5

28. Plaintiff incorporates by reference as if fully set forth herein the allegations contains in paragraphs 1-27, above.

28. Title VII of the Civil Rights Act of 1964, makes it unlawful for an employer, "(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. 2000e-2(a)

29. Defendant discriminated against Plaintiff by treating her differently from their male coworker, including unequal wages and compensation, because of my sex.

30. Plaintiffs' sex was the determining factor and/or a motivating factor in Defendants' actions.

31. Plaintiffs' complaints to HR about sex discrimination lead to retaliation which was the determining factor and/or a motivating factor in the Defendants' actions.

32. As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic damages to be proven at trial. As a result of Defendants' actions, Plaintiff has suffered emotional distress, resulting in damages in an amount to be proven at trial. Plaintiff further seeks compensatory and punitive damages and pain and suffering, declaratory, and monetary relief available for discrimination at trail.

33. Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination based on sex.

34. Plaintiff is entitled to reasonable attorneys' fees and costs of suit.

## SECOND CLAIM FOR RELIEF

Retaliation in Violation of Title VII of the Civil Rights Act of 1964 42 U.S.C. 2000e-(3)

35. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 34, above.

36. Section 704(b) of the Title VII of the Civil Rights Act of 1964, prohibits employers from discriminating against an employee "because [she] has opposed any practice made an unlawful employment practice by this subchapter". 42 U.S.C. 2000e-3(a).

37. Plaintiff made informal and formal complaints to Defendants' agents and employees opposing Defendants' unlawful, discriminatory employment practices based on sex and retaliation.

38. As a result of Plaintiffs' complaints, Defendants' employees took adverse actions against Plaintiff, including but not limited to, terminating Plaintiffs' position with HKT.

39. Defendants' retaliatory actions were sufficient to deter a reasonable person from engaging in protected activity under Title VII.

40. As a direct, legal and proximate result of Defendants' retaliation, Plaintiff has sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

41. Plaintiff is entitled to their reasonable attorneys' fees and costs of suit.

## THIRD CLAIM FOR RELIEF

Sex-Based Pay Discrimination in Violation of Equal Pay Act, 29 U.S.C. 206(d)(1)

42. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 41.

43. Section 206(d)(1) of the Equal Pay Act makes is unlawful for an employer "to discriminate...between employees on the basis of sex by paying wages to employees...at a rate less than the rate at which he pays to employees of the opposite sex...for equal work on jobs the performance of which requires equal skills, efforts, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system, (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex."

44. Defendants have employed Plaintiff and male employees in jobs as the same, requiring substantially equal skill, effort, and responsibility.

45. Plaintiff and male employee performed their jobs under similar working conditions.

46. Plaintiff was paid a lower wage than the male employee doing substantially equal work.

47. The differential in pay between male and female employees was not due to bona fide seniority system, a bona fide merit system, or a bona fide system that measures employee earnings by quantity or quality of work, nor was the difference in pay a result of a factor other than sex.

48. Defendants caused, contributed to, or caused the continuation of wage rate discrimination

based on sex, in violation of the Equal Pay Act.

49. As direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic damages to be proven at trial. As a result of Defendants' actions, Plaintiff has suffered emotional distress, resulting in damages in an amount to be proven at trial. Plaintiff further seeks compensatory and punitive damages and all other declaratory, and monetary relief available for equal pay violations at trail, including liquidated damages for all willful violations, prejudgment interest, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. 216(b).

## FORTH CLAIM FOR RELIEF

Sex-Based Discrimination in Violation of Nebraska Law Against Discrimination
Neb.Rev.Stat.Ann subsection 48-114 (1)(a) & (b)

50. Plaintiff incorporates by reference as if fully set forth herein allegations contained in paragraphs 1 through 64, above.

51. Nebraska's Law Against Discrimination makes it unlawful for an employer to discriminate against an individual in "in compensation or in terms, conditions or privileges of employment" because of sex.

52. Defendants discriminated against Plaintiff by treating her differently from her male coworker, including work assignment and equal wages and compensation, because of sex.

53. Plaintiff' sex was the determining factor and/or a motivating factor in Defendants' actions.

54. As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic damages to be proven at trial. As a result of Defendants' actions, Plaintiff has suffered emotional distress, resulting in damages in an amount to be proven at trial. Plaintiff further seeks compensatory and punitive damages and all other declaratory, pain and suffering, and monetary relief available for discrimination at trial.

55. Defendants' unlawful actions were intentional, willful, malicious and/or done with reckless disregard to Plaintiffs' right to be free from discrimination based on sex.

56. Plaintiff is entitled to reasonable attorneys' fees and costs of suit.

## FIFTH CLAIM FOR RELIEF

Sex-Based Discrimination in Wages in Violation of Nebraska Equal Pay Act Neb.Rev.Stat. 48-1101 et seq.

57. Plaintiff incorporates by reference as if fully set forth herein allegations contained in paragraphs 1 through 56, above.

58. Nebraska's Equal Pay Act makes it unlawful for an "employer to discriminate in any way in the rate or method of payment of wages to any employee because of his or her sex".

59. Defendants employed Plaintiff and male employee in similar jobs, requiring substantially equal skill, effort, and responsibility.

60. Plaintiff and male employee performed their jobs under similar working conditions.

61. Plaintiff was paid a lower wage than the male employee doing substantially equal work.

62. The difference in pay between male and female employees was not based on a reasonable factor or factors other than sex.

63. Defendants caused, contributed to, or caused the continuation of wage discrimination based on sex, in violation of Nebraska state law.

64. As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic damages to be proven at trial. As a result of Defendants' actions, Plaintiff has suffered emotional distress, punitive damages and all other declaratory, pain and suffering, and monetary relief available for equal pay violations at trail, including liquidated damages, prejudgment interest, attorneys' fees and costs, and other compensation pursuant to Nebraska Equal Pay Act.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

1. For a declaration that Defendants' actions, policies, and practices as alleged herein are unlawful;

2. For lost wages and all other compensation denied or lost to Plaintiff by reason of Defendants' unlawful actions, in an amount to be proven at trial;

3. For compensatory damages for Plaintiffs' emotional pain and suffering, in an amount to be proven at trial;

4. For punitive damages in an amount to be determined at trial;

5. For liquidated damages;

6. For interest on lost wages, compensation, and damages, including pre- and post-judgment interest and an upward adjustment for inflation;

7. For reasonable attorneys' fees and costs of suit pursuant to 42 U.S.C. 2000e-5(k), and other laws; and

8. For such other and further relief as this court deems just and proper.

Dated: May 3, 2021
Respectfully submitted,

/S Heather M. Closser
706 Lamont Drive
Lincoln, Nebraska 68528
Phone: (402) 432-7670
Email: hmc7707@yahoo.com

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all causes of action and claims to which she has a right to a jury trial.

Dated: May 3, 2021

/S Heather M. Closser
 706 Lamont Drive
 Lincoln, Nebraska 68528
  Phone: (402) 432-7670
   Email: hmc7707@yahoo.com