IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HEATHER M. CLOSSER,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>P.C.C.W. TELESERVICES INC.,<br>and HKT TELESERVICES INC.,<br><br>　　　　　Defendants. | 4:21CV3040<br><br><br>**MEMORANDUM<br>AND ORDER** |

　　　　After initial review of Plaintiff's pro se Complaint (Filing 1), the court found various pleading deficiencies, but on its own motion gave Plaintiff leave to amend. See Memorandum and order dated April 2, 2021 (Filing 6). Plaintiff timely filed an Amended Complaint on May 3, 2021 (Filing 7). Now, upon another initial review conducted pursuant to 28 U.S.C. § 1915(e)(2), the court concludes that the Amended Complaint should proceed to service of process.

　　　　Keeping in mind the liberal construction due pro se complaints, and the lesser pleading standard to which pro se litigants are held, the court finds that Plaintiff has alleged plausible claims for sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2 & 2000e-3, and the Nebraska Fair Employment Practice Act, Neb. Rev. Stat. §§ 48-1104 & 48-1114, and also for violations of the Equal Pay Act, 29 U.S.C. § 206(d), and the Nebraska Equal Pay Act, Neb. Rev. Stat. § 48-1221. The court cautions Plaintiff that allowing these claims to proceed to service of process is not a determination of the merits of the claims or potential defenses to them.

　　　　IT IS THEREFORE ORDERED:

　　　　1. This case shall proceed to service of process on Plaintiff's claims of sex discrimination, retaliation, and equal pay violations.

2. The Clerk of the Court is directed to complete and issue summonses for Defendants using the addresses provided in Plaintiff's original Complaint:

P.C.C.W. TELESERVICES INC.
28605 Ranney Pkwy
Westlake, Ohio 44145

HKT TELESERVICES INC.
3400 Southpark Pl. Ste. F
Grove City, Ohio 43123

3. The Clerk of the Court is further directed to deliver the summonses, the necessary USM-285 Forms, and copies of Plaintiff's Amended Complaint (Filing 7) and this Memorandum and Order to the Marshals Service for service of process on Defendants.[1] Service may be accomplished by using any of the following methods: personal, residence, certified mail, or designated delivery service. *See* Federal Rule of Civil Procedure 4(h); Neb. Rev. Stat. § 25-509.01.

4. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

5. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this order to complete service of process.

6. Because this non-prisoner case is proceeding to service of process, and at the direction of the court, this case is removed from the pro se docket. The Clerk of

---

[1] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory).

Court shall randomly assign new judges to this case and shall request a reassignment order from the Chief Judge.

Dated this 14th day of June, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge